ROGERS, J.
 

 Plaintiff brought this suit for an accounting by defendant as her agent, and for the recovery of $3,000, the amount of a loan which she alleged she had made to him personally. The defendant averred, in his answer, that he had made monthly settlements with plaintiff, to her satisfaction, and that he owed her nothing as the -result of his agency. He denied that plaintiff had
 
 *323
 
 ever loaned him any money, and alleged that the $3,000 referred to in her petition was invested by him for her account. On the trial of the case, the pleadings were enlarged, by oral testimony, so as to include an item of $500, which plaintiff additionally claimed was due her from the sale of a piece of real estate situated on South Rampart street in the city of New Orleans. The court below rejected plaintiff’s demand, and she has appealed from the judgment.
 

 The record shows that from the year 1918 to the year 1922 defendant acted as the agent of plaintiff in collecting her rents and in making the necessary disbursements for her account out of the moneys so collected. It also shows that each month defendant and plaintiff, who, apparently, was possessed of some business experience and ability, would go over defendant’s accounts item by item, a balance would be struck, and defendant would issue his check to plaintiff’s order to cover the balance. According to the testimony offered on the trial of the case, there was nothing due plaintiff by defendant growing out of the relationship of principal and agent theretofore existing between them.
 

 On appeal, plaintiff has abandoned her claim for rents and revenues collected by defendant as her agent, and has confined her demand to the item of $3,000, alleged personal loan, and the item of $500, alleged to have been unaccounted for by defendant in his sale of real estate forr plaintiff’s account.
 

 Plaintiff utterly failed to establish her alleged loan of $3,000 to defendant. The preponderance of the evidence shows that she intrusted that amount to him to purchase for her account stock in the Martel Apparatus Company. In order to make the purchase plaintiff transferred to the Martel Apparatus Company 30 shares of paid-up stock standing in her name in the Acme Homestead Association. This was done in order to protect the dividend, which was paid by the Homestead semiannually. When the dividend was finally declared and collected plaintiff received as her share the amount earned at the date of the transfer of the stock, and the Martel Apparatus Company received the remainder. Although plaintiff .testified that the first knowledge she had of the investment in the stock of the Martel Apparatus Company was on July 17, 1922, nevertheless the stock certificate was issued in her name under date of November 5, 1920. Robert P. Burns, a disinterested party, testified that he witnessed the transfer by plaintiff of the Acme Homestead stock, and that the name of the Martel Apparatus Company was written in as transferee before plaintiff signed the document. George H. Conrad, president of the Martel Apparatus Company, testified that a few days before the transfer was made plaintiff had a talk with him in regard to the matter, and that at that time she had agreed to buy the stock. Defendant testified about the sale of the stock and the manner of its accomplishment, and also stated that plaintiff left said stock with him for resale. And in a letter written and signed by plaintiff at Waveland, Miss., on July 27, 1921, addressed to defendant, appears the following inquiry, viz., '“Have you sold my Martel stock?” showing knowledge of her ownership of the stock, and her desire to dispose of it, presumably at a profit.
 

 The parties to the transaction seem to have acted in good faith, and it is unfortunate that the investment has not turned out as profitable as it was expected to do. Nevertheless, this fact cannot serve to shift the burden of the loss from plaintiff to defendant. If the transaction had been profitable, plaintiff would have been the gainer ; since it has proven otherwise, she must stand the loss.
 

 Because of domestic trouble, the title to the property on South Rampart street was placed in defendant’s name for convenience. He had arranged for the purchase of the property, but the price thereof, $2,000, was actually paid by plaintiff. Subsequently, defendant secured a purchaser for $6,500. Plaintiff,
 
 *325
 
 according to defendant’s testimony, had agreed to permit him to keep for his trouble in purchasing the property and in securing a buyer therefor whatever he might realize beyond $6,000. He accounted to plaintiff for this amount. There was no concealment of the price at which the property was actually sold. The act of sale was executed for $6,500, and it was so spread upon the public records. Plaintiff does not deny that defendant was entitled to a commission for his services in the transaction, but she claims" that she paid him the commission in cash before the sale was consummated. Beyond her mere statement, plaintiff was unable to produce any receipt or other evidence to show that such a payment was made. Her testimony was denied by plaintiff, and, for our own part, we think she was mistaken in so testifying.
 

 For the reasons assigned, the judgment appealed from is affirmed, at appellant’s cost.